**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Victor D. VAUGHN,
Defendant-Appellant.**

No. 11426.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 1980.

Motion for Rehearing and to Transfer
Denied Feb. 11, 1980.

Application to Transfer Denied
March 11, 1980.

John D. Ashcroft, Atty. Gen., Richard F. Engel, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Douglas M. Hamilton, Joplin, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Victor Vaughn was convicted of stealing a motor vehicle and sentenced by the court under the Second Offender Act. We affirm.

A brief summary of the evidence is in order. A pickup truck belonging to Shank's Foods, Inc., of Joplin, Missouri, was missing from the company lot Saturday night, March 25, 1978. The president of the company did not know defendant and neither he nor anyone connected with the company had given defendant permission to use the truck. Shortly before the truck was discovered missing, the defendant drove the truck to the Nevada State Hospital at Nevada, Missouri, and told the security guard he wanted to be admitted to the hospital's alcohol or drug abuse program. The guard noticed the name "Shank's" on the side of the truck and asked defendant who the truck belonged to. Defendant said: "It belonged to his boss." Defendant was admitted to the hospital and met Ronald Triplett in the hall. Triplett asked defendant if he had a car outside the hospital and defendant replied he did not have a car but that he had a truck. The two men left the hospital, and with Triplett driving the truck, headed for Triplett's home in Carthage. The vehicle was stopped by Nevada police and when the officer asked defendant if it was his truck he replied: "No, it's not mine." A box with defendant's name on it was in the back of the truck.

Defendant's principal point is directed to a portion of the state's closing argument. Defendant did not take the stand in his own behalf and contends the prosecutor's remark that "Mr. Vaughn's actions speak louder than his words" was a direct and certain reference to his failure to testify. Defendant objected to the remark and asked for a mistrial. Both his objection and motion for a mistrial were overruled. Defendant contends the remark violates § 546.270, RSMo 1969, Rule 26.08(a), V.A.M.R., and provisions of the Missouri and United States Constitutions.

■ We believe, and so hold, that viewed in the circumstances in which the prosecutor's remark was made, this remark did not constitute a direct and certain reference to defendant's failure to testify, but rather was in the nature of a comment on the evidence and in rebuttal to defendant's argument to the jury. In the state's initial argument the intent element of the crime charged was covered at length and the prosecutor emphasized the statements made by the defendant to (1) the security guard ["It's the boss' truck"], (2) to the arresting officer ["It's not mine"], and (3) to Triplett ["No, I've got a truck outside"]. In reply to this argument, the defendant stressed the necessity of the jury finding that the defendant intended to keep the truck, sell it, or convert it to his own use and that the fact the truck was en route back to Jasper County negated any specific intent by the defendant to permanently deprive the owner of the vehicle of it. In concluding his argument the defendant said: "I'll leave you with one question—has the State proved an intent to steal this truck? Has the State proved that this truck was taken with the intent to permanently deprive Shank Foods of its property?"

In the initial part of the state's final argument the jury's attention was directed to an "old maxim" that "Actions speak louder than words," without objection. The prosecutor reviewed the facts of the case, took issue with the statement that defendant was returning to Jasper County at the time of his arrest, and then said:

"The citizens of Jasper County, ladies and gentlemen, are the victims of more theft crimes than any other type of crime. I would submit to you that they are tired of being such victims. They are tired of the thieves in Jasper County hauling away their property. We hear a lot about rights these days. What about the rights of the victims; what about the rights of Shank Foods, Inc. to be able to let their truck sit out on a lot without having somebody haul it off to Nevada and run around Nevada with it with the intent to permanently deprive him of it. Mr. Vaughn's actions speak louder than his words. He was caught before he could dispose of that truck."

Defendant's objection and motion for a mistrial immediately followed. In ruling on the matter the court stated that it did not interpret the remark to be a reference to defendant's failure to take the stand in his own behalf. The prosecutor then told the jury to use their common sense and that they could best determine what the defendant's intent was from his actions.

In *State v. Rothaus*, 530 S.W.2d 235 (Mo. banc 1975), our Supreme Court stated the applicable rule as follows:

"The law is established in Missouri that when arguments made by the prosecutor do not contain *direct* and *certain* references to the failure of an accused to testify, an 'appellate court will not interfere unless the record shows that the trial court abused its discretion to the prejudice of the appellant * * *;' but that arguments made by a prosecutor, wherein there are *direct* and *certain* references to failure of an accused to testify, constitute reversible error." [Citations omitted]. 530 S.W.2d at 237.

We do not construe the instant remark to be a *direct* and *certain* reference to the failure of the defendant to testify. Rather, in view of the contradictory statements attributed to the defendant by witnesses as to the ownership of the truck, and the issue of the defendant's intent being a subjective question, we believe the prosecutor was within bounds in observing that defendant's

actions demonstrated his intent, regardless of what he had told the security guard, the arresting officer, and Triplett. The point is denied.

■ There is no merit in defendant's assignment that the court erred in failing to sustain his objection to the array of the jury because of systematic exclusion of blacks and women from jury service in Jasper County. Defendant offered no evidence in support of his challenge and thus the matter is not preserved for our review. *State v. Carter,* 572 S.W.2d 430 (Mo. banc 1978). We observe that the poll of the jurors, following their verdict, indicates three women served on the trial jury. Furthermore, this "point" is not developed in the argument portion of defendant's brief. *State v. Thomas,* 529 S.W.2d 379 (Mo.1975); *State v. Harrison,* 539 S.W.2d 119 (Mo.App. 1976).

■ Defendant's third and fourth assignments are directed to the Second Offender Act, § 556.280, RSMo 1969. The method of proof used in this case to show the applicability of this section has been repeatedly approved. *State v. Goff,* 449 S.W.2d 591 (Mo. banc 1970); *State v. Tyler,* 349 Mo. 167, 159 S.W.2d 777 (1942). The applicability of this statute does not offend the double jeopardy provisions of the Missouri or United States Constitutions. *State v. Maxwell,* 411 S.W.2d 237 (Mo.1967), and cases cited therein. The points are denied.

■ The trial court did not err in failing to give defendant's tendered instruction "A", pertaining to mental disease or defect, because there was no evidence of defendant suffering from a mental disease or defect. The point is denied.

■ Defendant's points six, seven, eight, nine, ten and eleven all refer to instructions he tendered but the court refused to give. None of the instructions are set forth in defendant's brief, in violation of Rule 84.-04(e), V.A.M.R., and the points are not preserved for review. *State v. Adams,* 537 S.W.2d 201 (Mo.App.1976).

■ Defendant's remaining point is that the evidence is insufficient to prove his guilt beyond a reasonable doubt. The point does not undertake to inform us in what manner or respect the evidence was insufficient. The argument portion of the brief reiterates the same conclusionary statement and falls short of compliance with Rule 84.04(d), V.A.M.R. *State v. Schulten,* 529 S.W.2d 432 (Mo.App.1975). Nevertheless, our review of the evidence, summarized supra, convinces us that the verdict of the jury is supported by sufficient evidence.

The judgment is affirmed.

All concur.