**STATE of Missouri, Respondent,**

v.

**Robert Eric NEWTON, Appellant.**

No. 44598.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Douglas L. Levine, Maryland Heights, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Gordon Upchurch, Asst. Pros. Atty., Union, for respondent.

CRANDALL, Judge.

This appeal arises from a conviction of stealing a motor vehicle, § 570.030, RSMo 1978, a Class C felony. Appellant was sentenced to four years in the Missouri Department of Corrections. We affirm.

On December 4, 1980, Mary Ann Schultz drove her 1974 Mercury[1] to her place of employment, Triple D Cleaners in Washington, Missouri. She arrived at work approximately 6:30 a.m. and parked her car in a parking lot across from the cleaners. This parking lot was also situated directly across from the Wehmueller Hardware Store. Before entering work, Mrs. Schultz placed the car keys in her purse but left the car doors unlocked. After getting off of work at 4 p.m., Mrs. Schultz went out to the parking lot and found that her car was gone.

Joyce Vogt, a cashier employed by Wehmueller Hardware, testified that she saw appellant and another man get into Mrs. Schultz' car around 11 a.m. Mrs. Vogt further testified that she saw the two men drive off in the car with appellant seated on the passenger side.

On December 6, 1980, the car was recovered by the Washington Police Department about six to eight blocks from the Triple D. Cleaners. The ignition switch had been removed. At trial, appellant offered no evidence. On June 1, 1981, the jury convicted appellant of stealing without consent.

Appellant's first of four contentions challenges the sufficiency of the State's evidence. In testing the sufficiency of evidence in a criminal prosecution by a motion for a judgment of acquittal, the facts and evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the State and all evidence and inferences to the contrary must be disregarded. *State v. Strong,* 484 S.W.2d 657, 661 (Mo. 1972); *State v. Smith,* 621 S.W.2d 94, 95 (Mo. App. 1981). In the case at bar, not only were appellant and another man seen getting into the car, but they were seen driving away in it by an eyewitness. Mrs. Schultz testified that she had not given anyone permission to use the car that day. Further testimony revealed that the ignition switch had been removed. Our review is limited to whether the evidence is sufficient to make a submissible case and whether there is sufficient evidence from which reasonable persons could have found defendant guilty. *State v. Moon,* 602 S.W.2d 828, 831 (Mo. App. 1980). We find that the jury could reasonably conclude, based on the above-mentioned evidence, that appel-

---

1. The vehicle in question is a 1974 four-door Mercury Marquis, jointly owned by Wilbert J. and Mary Ann Schultz.

lant acted with another to steal the motor vehicle.

■ Appellant next contends that the trial court erred in excusing venireman Ridenhour for cause based upon his statements in voir dire. Mr. Ridenhour's statements suggested that he might have difficulty sending someone to prison who had never previously been convicted of a crime.

A portion of the voir dire examination is as follows:

MR. UPCHURCH [Counsel for State]: I would expect that today at some point, later today, that you would be asked as jurors, should you find the defendant guilty and should you cross that first hurdle, to assess punishment. And it's my expectation that that instruction, and again, this is only my expectation at this time, that that instruction would include some form of imprisonment. In other words, that would be an option that would be placed to you. Now, do any of you potential jurors feel that you could not make that decision, separate and apart from the evidence you would hear, that you could not render a verdict including punishment, which may include some sort of incarceration? And I remind you—yes, sir?

VENIREMAN RIDENHOUR: It would be according to whether he had been convicted of something before.

MR. UPCHURCH: Well, sir, I would ask you to—are you saying, then, unless there would perchance be some evidence that this defendant had some conviction before that you—you could not assess any sort of incarceration?

VENIREMAN RIDENHOUR: It would be according to how much it was, I believe. You know, I couldn't—I couldn't say, 'Send him to the penitentiary for seven years,' if he didn't been in trouble before.

MR. UPCHURCH: So are you saying then, sir—and I appreciate your candor. Are you saying, sir, that you could not assess, in any event, any penitentiary time unless the evidence were to show you that the defendant had been convicted before?

VENIREMAN RIDENHOUR: I don't know whether I could or not.

Appellant claims that upon further examination, Mr. Ridenhour showed that he could rationally judge the facts and apply the law to the case when he responded:

MR. LEVINE: Okay. Let me ask you specifically the question I asked the others before, whether or not you would have any problem following the law specifically, even if you disagreed with the law, if the judge tells you that A, B and C is the law and you thought that D ought to be in there or maybe that A shouldn't be, could you follow the law as the judge gives it to you?

VENIREMAN RIDENHOUR: I believe I would have to. You're supposed to follow it.

MR. LEVINE: That's what I wanted to hear.

VENIREMAN RIDENHOUR: I'll accept his judgment.

The court later granted the State's request that venireman Ridenhour be stricken for cause.

The trial court has broad discretion to determine whether a prospective juror is qualified. Its determination will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion. *State v. Shields,* 619 S.W.2d 937, 939 (Mo. App. 1981); *see State v. Ealy,* 624 S.W.2d 490, 493 (Mo. App. 1981). Although the testimony of the venireman concerning his ability to be an impartial juror is to be considered by the trial court, it is for the trial court and not the venireman to determine his ability to do so. *State v. Reynolds,* 619 S.W.2d 741, 749 (Mo. 1981). Our review is undertaken with the recognition that the trial judge is in a better position to determine challenges for cause as he has the opportunity to observe the demeanor of each challenged venireman and, for that reason, all doubts as to the trial court's findings should be resolved in its favor. *State v. Engleman,* 634 S.W.2d 466, 471–472 (Mo. 1982). We find this point to be without merit.

 Appellant's third contention is that the trial court committed prejudicial error in denying his motion for continuance and motion in limine seeking to exclude evidence contained in a supplemental police report.[2] This argument stems from appellant's failure to receive the supplemental report until the last business day before the trial began.

We initially note that a denial of a continuance sought by a defendant is an exercise of the trial court's sound discretion, and in our review of such action we indulge every intendment in favor of the lower court's exercise of discretion. *State v. Windle,* 615 S.W.2d 563, 564 (Mo. App. 1981). Accordingly, only prejudicial error requires the reversal of a judgment. *See State v. Teal,* 624 S.W.2d 122, 125 (Mo. App. 1981).

The trial court's denial of appellant's motion in limine, or alternatively, motion for continuance, was not prejudicial to appellant. The parties whose names appeared in the supplemental police report were not called by the State to be witnesses at trial, nor was the report itself introduced into evidence. Furthermore, both Mary Ann Schultz and officer Donald Allen each testified at trial, without objection by appellant, that the ignition switch had been punched out. There is no indication that either witness was inaccessible to appellant prior to trial. Since we find no prejudicial error by the trial court, this point is also ruled against appellant.

 Appellant's final allegation of error deals with jury instructions; however, appellant has failed to properly preserve this point for appeal. When a point relates to the giving, refusal or modification of an instruction, that instruction must be fully set forth in the argument portion of the brief. Rule 84.04(e); *State v. Vaughn,* 596 S.W.2d 48, 51 (Mo. App. 1980). We have reviewed the instructions for plain error pursuant to Rule 84.13(c) and hold that the trial court did not so misdirect or fail to instruct the jury on the law of the case as

to cause manifest injustice. *State v. Tolson,* 630 S.W.2d 611, 613 (Mo. App. 1982).

The judgment of the trial court is affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.

---

2. The supplemental police report disclosed the fact that the ignition switch from Mrs. Schultz' car had been "punched out."