STATE of Missouri, Respondent,

v.

Samuel HAMM, Appellant.

No. 49867.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 1986.

Motion for Rehearing and/or Transfer
Denied May 6, 1986.

Application to Transfer Denied
June 17, 1986.

Bradford J. Kessler, Public Defender, St. Louis, for appellant.

John Munson Morris, Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant, Samuel Hamm, appeals his jury conviction of murder in the first degree, felony murder. § 565.003 RSMo.1978. The defendant was sentenced to life imprisonment.

The defendant contends that the trial court committed error by: (1) failing to strike a prospective juror for cause sua sponte and (2) denying his motion for judgment of acquittal at the close of the state's case on the grounds of insufficiency of the evidence.

At trial, Mr. Schneider testified that on August 24, 1984 he heard someone upstairs in his apartment, and so he called the police. Officer Dillow responded to the call by positioning himself at the entrance of Mr. Schneider's subdivision. Officer Dillow observed an approaching Pontiac. He motioned for the car to stop, but when he approached the driver, the Pontiac sped away. Upon returning to his car, Officer Dillow radioed a description of the vehicle and the suspect and began pursuit of the Pontiac.

Sergeant Wachter heard the description placed on the radio and proceeded west on Chambers in pursuit of the vehicle. After sighting the wanted vehicle, Sergeant Wachter activated his red lights, executed a u-turn, and pursued the vehicle. As he completed his turn, he observed the Pontiac violate a red traffic signal at the intersection and strike another car, causing a crash. As he approached the intersection, Sergeant Wachter observed the suspect fleeing from the Pontiac. He pursued and apprehended the suspect behind a store. Officer Dillow discovered missing articles from Mr. Schneider's apartment on the front seat of the suspect's car.

Two witnesses, Geraldine Binsbacher and Robert Goerger, testified that they were present at the scene of the accident. Geraldine Binsbacher testified that she watched the suspect flee from his vehicle in the direction of the store and that a police car was right behind the suspect. Robert Goerger, the other witness, testified that he watched the suspect flee from the scene of the accident. Mr. Goerger testified that the police did not arrive until 30–60 seconds after the accident. Additionally, he testified that he did not lose sight of the fleeing suspect from the time he left the scene of the accident to the time he was apprehended by the police.

Officer Clifford Weigel processed the burglary scene at Mr. Schneider's apartment and discovered a latent fingerprint at the point of entry, a window. Charles Pyatt, an officer assigned to the Identification Bureau, the Fingerprint Section, studied the print found by Officer Weigel and testified that the print matched the defendant's print.

Defendant did not testify.

At the close of the evidence, the jury found defendant guilty of murder in the first degree. Upon the finding of defendant being a persistent offender, he was sentenced to life imprisonment.

■ Defendant's first point on appeal is that the trial court erred in failing to strike prospective juror Miller for cause sua sponte. During voir dire, prospective juror Miller stated his oldest son is prosecuting attorney of Ripley County and that the defendant would have to put on a good case for him to find the defendant not guilty. This venireman later stated, in answer to questions, that he could be fair and impartial to the defendant and that he could follow the instructions of the court.

The defense counsel subsequently had an opportunity to question Mr. Miller and the rest of the jury panel. Defense counsel expounded in detail the defendant's rights during a trial. He covered the presumption of innocence, the state's burden of proof, defendant's option of testifying or not, and his option of calling witnesses or not. He stressed that, "we don't have to put on any case. We don't have to do anything." He stated that the state had to prove its case and that the defendant had no burden of proof and the state had, "to prove it was him." After each discussion of defendant's rights, defense counsel asked the veniremen whether they disagreed with any of these rights. The record shows that none of the veniremen disagreed or had any problem with the propositions stated. At that time, the defense counsel made no motion to strike Mr. Miller for cause, but he exercised one of his peremptory challenges to remove Mr. Miller from the panel. Apparently, the defense counsel was satisfied that any bias that may have existed was sufficiently changed by his further questioning.

Defendant contends the failure of the trial judge to strike prospective juror Miller for cause sua sponte constituted plain error. Plain error is one which affects the substantial rights of the defendant so that a manifest injustice or miscarriage of justice would result if not invoked. Rule 29.-12(b). The defendant has the burden of proving the alleged prejudicial error amounted to manifest injustice and substantially affected his rights, so as to permit the application of the plain error rule. *State v. Hurtt*, 509 S.W.2d 14, 15 (Mo. 1974). Therefore, in order to determine whether plain error has occurred, the particular facts and circumstances of each case must be considered. *State v. Hubbard*, 659 S.W.2d 551, 556 (Mo.App.1983). No firmly established formula exists when making the above determination, but discretion is vested in the appellate courts to determine if manifest injustice or miscarriage of justice has resulted. *State v. Harper*, 637 S.W.2d 170, 172 (Mo.App.1982); *State v. Hubbard*, 659 S.W.2d at 556.

Applying the foregoing rule to the facts at hand, we hold it was not plain error for the trial court not to strike for cause prospective juror Miller sua sponte. Defendant's counsel did not show that his client's rights had been substantially affected by the court not striking for cause juror Miller sua sponte. We do not find a strong, clear showing of manifest injustice or miscarriage of justice resulting from the action of the trial judge regarding this matter. During voir dire, defendant's counsel did not make a motion to strike for cause juror Miller. Granted defendant's counsel exercised one of his peremptory challenges to remove juror Miller from the panel; however, he made no objection to the jury panel at the time of the trial. Defendant did not make a clear showing of manifest injustice would result if the rule was not invoked. Consequently, we shall not apply the plain error rule.

■ In a criminal prosecution, the trial court is vested with broad discretion in deciding the competence and qualifications of venirepersons. *State v. Dodson*, 595 S.W.2d 59, 60 (Mo.App.1980). Even though juror Miller indicated his past association with his son might enter into his mind during the deliberations, the Missouri Supreme Court has held that such admissions by a venireperson do not necessarily render the person unqualified to sit as a juror unless it can be shown that this association might have prejudiced or biased the prospective juror against the defendant. *State v. Johns*, 679 S.W.2d 253, 264 (Mo. 1984). Panel members have not been stricken for cause if they indicate an ability to put aside their feelings and follow the court's instruction. *State v. Johnson*, 670 S.W.2d 882, 887 (Mo.App.1984). The willingness of a juror to follow the law and jury instructions despite his personal beliefs demonstrates that a juror has been rehabilitated and is able to have an open mind free from bias or prejudice. *Id.* at 887. Juror Miller agreed with the defense counsel's rehabilitating statements, and so the trial court was under no duty to strike him for cause. Additionally, this court has

held that "all doubt as to the propriety of a ruling with respect to the qualifications of a juror is normally resolved in favor of the trial court." *Id.* at 887. Defendant's first point is without merit.

Defendant's second point on appeal is that the trial court erred in overruling the defendant's motions for judgment of acquittal, arguing that the evidence was insufficient to support the verdict.

■ In testing the sufficiency of evidence in a criminal prosecution by a motion for a judgment of acquittal, the facts and evidence and the favorable inferences reasonably to be drawn there from must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. *State v. Newton*, 637 S.W.2d 805, 806 (Mo.App. 1982). In the case at bar, conflicting testimony existed concerning the defendant's clothing and the travel time for a certain distance. These are not of grave importance when balanced against the testimony of three eye witnesses who observed the defendant fleeing from the scene of the accident. When the credibility of a witness is at issue due to a discrepancy in the testimony, the jury decides whose testimony was believable and what weight to give to these inconsistencies. *State v. Harvey*, 641 S.W.2d 792, 799–800 (Mo.App.1982).

The evidence presented at trial court was sufficient for a jury to find that the defendant had burglarized Mr. Schneider's apartment, and in his attempt to flee from the scene of the burglary, he caused a car collision which killed Mrs. Zumwalt. A defendant is not entitled to a judgment of acquittal merely because of discrepancies in the testimony of state's witnesses. *State v. Harvey*, supra, at 800. The evidence, viewed in the light most favorable to the state, constitutes substantial evidence to support the jury's verdict against the defendant.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.