STATE of Missouri, Respondent,

v.

Fabian FULLER, Appellant.

No. 55973.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
March 13, 1990.

Joseph W. Downey, Columbia, Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of carrying a concealed weapon. He was sentenced by the court as a persistent offender to five years' imprisonment. He states he did not have a fair and impartial jury. We disagree and affirm.

The trial court has wide discretion in determining the qualifications of venirepersons. Its decision thereon will not be disturbed absent a clear abuse of discretion and a real probability of injury to the complaining party. *State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc 1983), *cert denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); *State v. Merritt*, 735 S.W.2d 399, 401[1] (Mo.App.1987).

Defendant claims juror Kelly should have been removed from the venire because of his relationships with police officers. During voir dire, Kelly stated he had several friends and relatives who were policemen. When asked whether he would have any problem being fair and impartial, he said, "I don't think so." Initially, he said it would be difficult to treat police officers the same as non-police officers. In response to questions posed by the trial court, Kelly indicated he could be a fair juror.

Merely because a venireperson knows or is related to several police officers does not automatically make them challengeable for cause. *State v. Hopkins*, 687 S.W.2d 188, 190[4] (Mo. banc 1985). When juror Kelly expressed doubt, the court was obligated to determine whether he could be a fair and impartial juror. His responses to the court were such that juror Kelly could be fair and impartial. There was no abuse of discretion in the court's decision not to strike him for cause.

Defendant proffers juror Leonard should have been removed from the venire because her brother was an assistant prosecuting attorney in another state. That relationship did not disqualify juror Leonard to sit as a juror absent a showing she was prejudiced against the defendant. *State v. Hamm*, 710 S.W.2d 335, 336–338 (Mo.App. 1986).

■ Initially juror Leonard stated the relationship might cause her to pay more attention to what the prosecutor was saying, but she did not know whether this would occur. Later, juror Leonard assured the court she could act as a fair and impartial juror. There was no abuse of the trial court's discretion.

■ Finally, defendant complains that the trial court on its own motion should have removed juror Klein from the venire. There was no objection to juror Klein. Defendant asks for plain error review. Plain error is one which affects substantial rights of the defendant so that a manifest injustice or miscarriage of justice would result if not invoked. *Hamm*, 710 S.W.2d at 337; Rule 29.12(b). Defendant must show the alleged prejudicial error amounted to manifest injustice and substantially affected his rights. *Id.*

Juror Klein stated she was against handguns. She did not know whether this would cause her to feel more in favor of the defense or the prosecution. She might err on the side of caution and be more willing to convict defendant. She hoped she would be able to assess the evidence and see how it fit together logically.

Because there was no objection, the trial court was not called upon to question juror Klein. The trial court was in a superior position to observe juror Klein's behavior. From our review of the record, we find no manifest injustice. *Id.*

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.