STATE of Missouri, Plaintiff–
Respondent,

v.

David GARY, Defendant–Appellant.

David GARY, Movant,

v.

STATE of Missouri, Respondent.

Nos. 58974, 60045.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 12, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 10, 1992.

Application to Transfer Denied
Feb. 25, 1992.

J. Gregory Mermelstein, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

Defendant, David Gary, was charged with four counts of armed criminal action, § 571.015;[1] first degree murder, § 565.-020.1; or, in the alternative, murder in the second degree, § 565.021.1(2); assault in the first degree, § 565.050; assault in the second degree, § 565.060; and resisting arrest, § 575.150. Defendant was also charged as a prior and persistent offender. At the close of the evidence, the jury found

defendant guilty of first degree murder, two counts of armed criminal action, second degree assault, third degree assault, and not guilty of one count of armed criminal action. The state dismissed the charge of resisting arrest and a count of armed criminal action. The court sentenced defendant to consecutive terms of life without probation or parole for first degree murder, five years for each count of armed criminal action, ten years' imprisonment for second degree assault, and a fine of one dollar for third degree assault. This consolidated appeal follows. We reverse and remand.

On direct appeal defendant raises three contentions of trial court error. First, defendant claims error in failing to sustain his challenge for cause of a juror. Second, he argues that the prosecutor's approach towards defendant during closing argument saying "you tell me, then, you tell me," was a reference to defendant's failure to testify in violation of the fifth amendment and Missouri law and constitutes plain error. Third, he contends trial court error in admitting a photograph of defendant after the crime, because it was irrelevant and more prejudicial than probative.

Defendant's fourth ground on appeal concerns denial of post conviction relief. Specifically, defendant alleges error of the motion court in denying his Rule 29.15 motion without an evidentiary hearing.

After reviewing the transcript, we find error in the trial court's ruling on the prospective juror and, therefore, are constrained to reverse the convictions. The reasons which persuaded us to so find are discussed below. We will briefly address defendant's third contention pertaining to the relevancy of the photographs. Because the other assignments of error should not reoccur on retrial, our discussion of the same would be surplusage.

A brief statement of the facts indicate that the defendant, after an altercation with a hospital security person, was involved in a high-speed automobile chase. The pursuit was through the streets of the City of St. Louis and ended in a violent

1. All statutory references refer to RSMo (1986).

crash when the vehicle driven by the defendant collided with a police car killing a policeman. The defendant suffered only minor injuries.

Defendant's first ground on appeal reads as follows:

The trial court abused its discretion in overruling appellant's challenge for cause of Venireman Cuniff because appellant was denied his right to a full panel of qualified jurors before making his peremptory strikes in that Mr. Cuniff was a retired city police officer from a police family who admitted having a prejudice in favor of the police generally and police testimony more particularly, and at best equivocated about his ability to be impartial. The court failed independently to examine him, and his later answers did not rehabilitate him but, on the contrary, reinforced the challenge for cause in a case where appellant was charged with murder and assault against police officers.

During the state's voir dire examination, the following exchange transpired between Prosecutor Moss and Venireman Cuniff.

VENIREMAN CUNIFF: I'm a ex-St. Louis police officer, and I'm from a police family.

\* \* \* \* \* \*

Q: Well, here. The Judge tells you you've got to listen to the facts fairly and impartially. You've got to decide if each witness is telling you the truth or not about what happened. Do you think you could listen to the witnesses and decide whether or not they were telling you the truth, whether or not they were police officers or civilians?

A: [Cuniff] *I really think I would be a little prejudiced.*

Q: Would you be so prejudiced that you would automatically believe them because they were police officers?

A: [Cuniff] I don't believe I'd go that strong, no.

Q: *You would be more inclined to believe them than disbelieve them. Is that correct?*

A: [Cuniff] *Right.*

Q: If you felt, under what they said and how they said it and how it measured

with the rest of the facts in the case, if you felt they were lying, would you believe them anyway, or say you believed them?

A: [Cuniff] I don't believe so, no.

Q: At least that would be your conscious decision that you would not believe somebody you thought was lying, correct?

A: [Cuniff] *Right.*

Q: Now, the same thing is true of Mr. Gary here. If you, under what you heard in the courtroom and the instructions Judge Ryan would give you, if you believed that he wasn't guilty of a charge or charges, would you still find him guilty?

A: [Cuniff] If I believed, no.

Q: Well, that's what we are talking about here. We have a decision of twelve people ultimately, but each has to reach their belief under the facts and evidence and the law whether or not he's guilty, and you're not supposed to vote for guilty if you don't really believe he's guilty, and you're not supposed to vote for an acquittal if you don't really think he's not guilty.

MR. NACCARATO [DEFENSE COUNSEL] Judge, can we approach again at this time?

THE COURT: Would you care to ask the juror any questions right now.

MR. NACCARATO [DEFENSE COUNSEL] Yes, Your Honor if I may. Mr. Cuniff, my name is Mike Naccarato and I represent Mr. Gary. If you don't mind, I was going to ask you a couple questions. You indicated you were a ex-police officer?

A: [Cuniff] Yes, sir.

Q: How long have you been a police officer?

A: [Cuniff] Fifteen years.

Q: What district were you assigned to?

A: [Cuniff] In the Eleventh District in those days, Ninth today.

Q: You indicated you're from a police family?

A: [Cuniff] Right. I had two brothers.

Q: *Now, Mr. Moss asked you a couple of questions and the homicide victim in*

*this case is a police officer and one of the assault victims in this case is a police officer, and you had initially indicated that you might not be able to be fair in this type of a case. Is that right?*

A: [Cuniff] Right.

Q: And would you feel that you would give more credibility or weight to a police officers testimony than you would to any other witness?

A: [Cuniff] I don't know about more.

Q: Would you treat them the same as you would any other witness?

A: [Cuniff] I would think so.

Q: Having a victim of a homicide being a police officer in this case, how's that going to affect you? How do you think you wouldn't be fair in this case?

A: [Cuniff] I don't know. I really can't tell you.

Q: *But you, in your heart of your hearts, feel you can't be fair to Mr. Gary in this case because the victim in this case is an officer?*

A: [Cuniff] *I think I would tend to be a little prejudice on the police side. I think I'd have to listen to the testimony and make my own mind up.*

Q: *But you feel going in you might be prejudiced?*

A: *It's a very good possibility.*

MR. NACCARATO: Judge, may we approach the bench.

THE COURT: Sure.

(The following proceedings took place at the bench)

MR. NACCARATO: Your Honor, the [sic] at this time I'd make a motion to strike for cause Mr. Cuniff.

MR. MOSS: The mere possibility of prejudice is not sufficient. Even under Mr. Naccarato's questioning he has said all the things that are appropriate under the circumstances that he would have to make his own mind up and he would not necessarily believe a police officer. At this point I don't think there's enough for cause.

THE COURT: Either [sic] do I, but the motion's denied at this point and your record is preserved.

(The proceedings returned to open court)

■ The denial of defendant's motion to strike juror Cuniff for cause led defendant to exercise one of his peremptory challenges to remove the juror. "Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia,* — U.S. —, 111 S.Ct. 1899, 1908, 114 L.Ed.2d 493 (1991). Trial court while impaneling a jury has a serious duty to ascertain the question of actual bias and a broad discretion in its rulings on challenges. *Dennis v. United States,* 339 U.S. 162, 167, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950). Therefore, in exercising its discretion, trial court should be zealous to protect rights of an accused. *Id.*

■ Missouri law amply supports the right of the accused to be entitled to a full panel of qualified jurors before the exercise of his peremptory challenges. *State v. Hopkins,* 687 S.W.2d 188, 190 (Mo. banc 1985); *State v. Carter,* 544 S.W.2d 334, 337 (Mo.App.1976); *State v. Lovell,* 506 S.W.2d 441, 443 (Mo. banc 1974). Despite the prospective juror's ambivalent responses which indicated a strong possibility of prejudice, the trial judge did not conduct any further examination of the juror. On review, the standard applied by the appellate courts where the evidence indicates an absence of independent evaluation by the trial judge "is a more searching consideration . . . of the appropriateness of excluding the individual juror". *State v. Holliman,* 529 S.W.2d 932, 939 (Mo.App.1975), *State v. Williams,* 643 S.W.2d 832, 834 (Mo.App. 1982).

■ Although a venireperson's acquaintance or relationship to several police officers does not automatically make him challengeable for cause, *State v. Fuller,* 784 S.W.2d 266, (Mo.App.1989); *State v. Hopkins, supra,* at 190; where these relationships combine with other factors to indicate a lack of impartiality a challenge for cause must be sustained. *Id.* In the case *sub judice,* numerous "other factors" contribute to establish a strike for cause. First, the victim, Officer McNew, was a St.

Louis City police officer who died from a devastating automobile impact. The juror, Cuniff, was a former police officer from the City of St. Louis—the same police department as the victim. Cuniff's two brothers were also police officers. Second, Cuniff had friends on the department through his continuing membership in police organizations. Third, Cuniff personally worked for four or five years with Officer Glasscock, who testified for the state at trial. Cuniff also knew other state-endorsed witnesses who testified to critical facts of the case. Fourth, seven of the ten witnesses for the state were law enforcement officers. Fifth, the record is replete with Cuniff's testimony of prejudice in favor of police officers. Cuniff admitted that he was inclined to believe the police officers more than disbelieve them. Cuniff at best equivocated about his ability to be impartial.

We are guided by the United States Supreme Court's decision in *Dennis v. United States* where the court stated that "Impartiality is not a technical conception. It is a state of mind ..." *Dennis*, 339 U.S. at 171, 70 S.Ct. at 523. Further, in *State v. Holliman*, 529 S.W.2d at 941, Judge McMillian citing to *United States v. Chapman*, 158 F.2d 417, 421 (10th Cir., 1946) noted that "impartiality is not a technical concept and a party's right to a fair and impartial trial is to be resolved in accordance with high standards of human conduct." In the present case we do not endeavor to scan the mind of venireperson Cuniff, but our searching inquiry into the transcript reveals his "ability to serve as an impartial juror questionable and that is the test." *State v. Edwards*, 740 S.W.2d 237, 241 (Mo.App.1987).

The state cites to *State v. Evans*, 701 S.W.2d 569 (Mo.App.1985) in support of its claim that a bare possibility of prejudice is insufficient. Rather, the evidence must clearly establish that the challenged venire person was in fact prejudiced. *Evans, supra*, at 572 (citation omitted). The state argues it is difficult to imagine that defendant was "in fact prejudiced," because further questioning by defendant's trial counsel elicited firm, unequivocal responses from Mr. Cuniff that he would follow the court's instructions and hold the State to its burden of proof.

■ Although Cuniff subsequently indicated he would make his "own decisions" and could presume defendant innocent and hold the state to its burden of proof, these answers were not responsive to—and did not directly refute Cuniff's admitted prejudice in favor of police generally. Nor did the statements obliterate Cuniff's initial response to there being a good possibility of prejudice. "Where any question of partiality is raised, but not *directly* refuted by other answers and its application remains in the case in light of the evidence, then it is an abuse of discretion not to sustain a challenge for cause." *State v. Edwards, supra*, at 243 [Emphasis in original]. Moreover, if, for any reason, a venireperson is not in a position to enter the jury box with an open mind, free from any bias or prejudice, he is not a competent juror. *Presley v. State*, 750 S.W.2d 602, 606 (Mo. App.1988).

It is our endeavor to uphold the integrity and values of the justice system. We are loathe to reverse a conviction of a persistent offender found guilty of first degree murder,[2] but it is our task to make sure that the wheels of justice flow smoothly. One of the spokes in this wheel is a panel of twelve impartial jurors. Defendant was denied this unbiased and impartial panel. As a result, the wheels turned and the trial proceeded with a fundamental spoke missing. "We are committed to the doctrine that certain practices must not 'offend those cannons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses.'" *Holliman, supra*, at 941 (quoting *Rochin v. California*, 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952)).

The record indicates that Cuniff harbored a good possibility of prejudice in favor of the police. We can conclude that the failure to sustain the challenge for cause denied defendant an unbiased, impartial and non-prejudiced panel. We accord-

**2.** *See Hopkins, supra*, at 191 (Blackmar, J., concurring)

ingly, remand this case to ensure that defendant is afforded his constitutional right to twelve impartial jurors prior to exercising his peremptory challenges.

■ Defendant's third point urges trial court error in admitting a photograph of defendant after the crime, because it was irrelevant and had prejudicial impact beyond any conceivable probative value. Defendant claims that the photograph, a mugshot of defendant after the crime, had no relevance to identity which was uncontested, intent, or any other issue. Defendant further asserts that the photograph was especially prejudicial in that it depicted an appearance of the defendant acting deliberatly, yet expecting to survive the crash with miraculously minor injuries.

We have examined the relevant case law in Missouri and find that the trial court did not abuse its discretion in admitting the photographs into evidence. *State v. Davis,* 653 S.W.2d 167, 175 [16, 17] (Mo. banc 1983).

The judgment is reversed and the cause is remanded for a new trial.