STATE of Missouri, Plaintiff/Respondent,

v.

Steven MURPHY, Defendant/Appellant.

No. 74524.

Missouri Court of Appeals,
Eastern District,
Division One.

March 30, 1999.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson ·City, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Steven Murphy (Defendant) was charged with one count of robbery in the first degree (Count I), four counts of felonious restraint (Counts II, III, IV, and V), and one count of assault in the third degree (Count VI). Defendant was tried before a jury in the Circuit Court in the City of St. Louis. The jury found Defendant guilty on all counts. On June 4, 1998, Defendant was sentenced as a persistent misdemeanor offender under Section 558.016 RSMo (1994)[1] to terms of twelve years imprisonment on Count I, seven years imprisonment on Count II, seven years imprisonment on Count III, seven years imprisonment on Count IV, seven years imprisonment on Count V, and one year imprisonment on Count VI, the sentences to run concurrently. This appeal followed.

On July 15, 1996, Laurena Edwards drove her two children, two year old Monte Johnson, Jr. (Monte) and three year old Domoir

---

1. All statutory references are to RSMo (1994) unless otherwise indicated.

Edwards (Domoir), and her two sisters, eleven year old Ebony Wagner and eight year old Simone Wagner (Simone), to a friend's home. Upon arrival, Laurena left the children in the vehicle with the key in the ignition and the driver's side window halfway down. Defendant and Carlos Young (Young) approached the vehicle; Defendant reached his hand through the window, unlocked the door, and got in the vehicle. Young ran around the corner.

Defendant held a gun to Ebony's head, and told everyone to shut up or he would kill her. As Defendant was driving, Monte climbed into the front seat and screamed; Defendant struck him. Domoir then climbed up front and kicked the gun out of Defendant's hand. Defendant pulled over, picked up the gun, held it to Ebony's head and ordered the children out of the vehicle. Young got into the vehicle, and both men drove off.

On July 17, 1996, a police officer pulled over a vehicle because it had no rear license plate. Defendant was operating the vehicle and Young was his passenger. A check of the vehicle identification number revealed the vehicle was stolen, and both men were arrested.

On July 22, 1996, Ebony and Simone picked photographs of Defendant and Young out of a photographic array. They later identified Defendant in a lineup. Young testified that he and Defendant committed the charged offenses.

Defendant testified that he was unaware the jeep was stolen, and that he had rented it from an acquaintance. The jury found Defendant guilty of all six counts as charged. Defendant appeals.

■ Defendant first contends the trial court plainly erred in entering a judgment against him on four counts of felonious restraint (Counts II, III, IV, and V) because it violated his right to be free from double jeopardy under the United States and Missouri Constitutions in that these counts arose from the same continuous course of conduct of restraining four children at the same place and time. Defendant argues he was subjected to multiple punishments for the same offense and is entitled to reversal of three counts.

■ The Missouri Constitution provides that no person shall "be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury...." Mo. Const. Art. I, Section 19. The Double Jeopardy clause of the Missouri Constitution does not apply to this case because Defendant was never acquitted by a jury. *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992). However, Defendant's refuge from double jeopardy under Missouri law is coextensive with that provided by the Fifth Amendment to the United States Constitution. *State v. Morrow*, 888 S.W.2d 387, 390 (Mo.App. S.D.1994).

■ The Fifth Amendment provides that no person "shall be subject for the same offense to be twice put in double jeopardy of life or limb." This constitutional guarantee provides protection against multiple punishments for the same offense. *State v. Nichols*, 865 S.W.2d 435, 437 (Mo.App. E.D.1993). It forbids the state from splitting a single crime into separate parts and then prosecuting it in piecemeal. *Id.* However, it does not protect a defendant from punishment for more than one offense arising from the same set of facts if one has in law and fact committed separate crimes. *State v. Gordon*, 948 S.W.2d 673, 675 (Mo.App. E.D.1997).

■ The double jeopardy prohibition upon multiple punishments for the same offense is limited to preventing the sentencing court from inflicting greater punishment than intended by the legislature. *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678[1], 74 L.Ed.2d 535 (1983). We must determine whether the legislature intended cumulative punishments. *McTush*, 827 S.W.2d at 186. Legislative intent regarding cumulative sentences is first determined by examining the statute under which Defendant was convicted. *State v. Villa–Perez*, 835 S.W.2d 897, 903 (Mo. banc 1992).

The four counts of felonious restraint under which Defendant was convicted are defined in Section 565.120.1, which provides:

A person commits the crime of felonious restraint if he knowingly restrains another

unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury.

The allowable unit of prosecution for Section 565.120.1 hinges on the word "another." Both parties agree the legislative intent is ambiguous. Since the statute does not indicate whether the legislature intended to punish cumulatively, we look to the general cumulative punishment statute, Section 556.041. *State v. Owens*, 849 S.W.2d 581, 584 (Mo. App. W.D.1993). The applicable part of Section 556.041 provides:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if...

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

In *State v. Bowles*, 754 S.W.2d 902, 904 (Mo.App. E.D.1988), the defendant was convicted of five counts of assault after attempting to burn a house that contained five individuals. This court examined the defendant's double jeopardy claim in light of the assault statute, which contained the word "another." *Id.* at 909. The double jeopardy claim was rejected because a single act of assault that affected two or more persons constituted multiple offenses. *Id.* at 911.

Similarly, despite the ambiguity of the word "another" in Section 565.120.1, we find Defendant committed four separate felonies in that each child comprised an allowable unit of prosecution. His convictions for four counts of felonious restraint do not offend the double jeopardy principle. The trial court did not plainly err in entering judgments against defendant on four counts of felonious restraint. Point denied.

■ In his second point relied on, Defendant claims the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence to support his conviction for assault in the third degree in violation of Section 565.070. We view the evidence and all reasonable inferences in a light most favorable to the verdict and limit review to determining if there is sufficient evidence from which a reasonable juror might find a defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993).

The applicable part of Section 565.070 provides that:

1. A person commits the crime of assault in the third degree if:
(1) He attempts to cause or recklessly causes physical injury to another person....

Physical injury is defined as "physical pain, illness or any impairment of physical condition." Section 556.061(20).

As to the allegation of assault in the third degree, the jury was instructed that it had to find beyond a reasonable doubt that:

On or about July 15, 1996, in the City of St. Louis, State of Missouri, the defendant attempted to cause physical injury to Monte Johnson, Jr. by slapping him...

Defendant made death threats in order to quiet the children and struck Monte after he attempted to get in the front seat. There is sufficient evidence from which a reasonable juror might have found that Defendant attempted to cause physical injury to Monte in violation of Section 565.070. Point denied.

■ In his final point, Defendant argues the trial court abused its discretion in overruling his motion to strike venireperson George Miller (Miller) for cause because Miller's responses to questions about his partiality towards and sympathy for child victims clearly indicated that he was incapable of according Defendant a fair and impartial trial.

■ The trial court has broad discretion in determining whether to strike a venireperson for cause. *State v. Wise*, 879 S.W.2d 494, 512 (Mo. banc 1994). We will not disturb the trial court's ruling unless the record reflects a clear abuse of discretion and "real probability of injury to the complaining party." *Id.* The evidence must clearly establish that the challenged venireperson was in fact prejudiced. *State v. Gary*,

822 S.W.2d 448, 452 (Mo.App. E.D.1991). If a question of partiality is raised, but not directly refuted by other responses and its application remains in the case in light of the evidence, then failing to sustain a challenge for cause is an abuse of discretion. *Id.*

Upon detailed voir dire questioning by the trial court, defense counsel and prosecutor, Miller stated that his wife was robbed at gun point and as a result, he had "a thing about kids and old folk...." When asked if he could be fair and impartial, Miller responded: "Sure, I could accept the evidence and go over it, whatever you have to do." He was then asked "if the gun thing is going to influence you, do you feel one way or the other?" Miller responded: "The only thing that would make me one way or the other is the evidence, period." When questioned whether he would have a problem sitting on a case where the victims are children Miller stated: "Yes, I would have a problem." Miller was then asked if he would be able to follow the law and evaluate the evidence, he responded: "I could follow the law and evaluate the evidence, but if the evidence was pointed that he was in the wrong, he was definitely, I would definitely point for him to get a ride." Defense counsel then asked Miller: "You said you will have undue sympathy for the child?" Miller responded: "Right." However, the record reflects that defense counsel misstated Miller's earlier response and in fact he never stated he would have "undue sympathy for the child."

Miller unequivocally stated that he could be fair and impartial, and that he could follow the law and evaluate the evidence in judging the case. Miller's partiality towards children was refuted by his other statements. The trial court did not abuse its discretion in overruling the motion to strike Miller for cause. Point denied.

The judgment and conviction of the trial court are affirmed.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.