**STATE of Missouri, Respondent,**

v.

**Charles NICHOLS, Appellant.**

**Charles NICHOLS, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 61640, 64008.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 23, 1993.

---

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal from Defendant's convictions for four counts of carrying a concealed weapon and the post-conviction denial of his Rule 29.15 motion to vacate judgment. We affirm.

On April 20, 1991, Defendant was driving his truck in St. Francois State Park when he was pulled over for speeding by Ranger Mark Maples. After pulling over, Defendant exited his truck and approached Ranger Maples. While talking with Defendant at the side of the road, Maples observed the passenger in the truck moving about inside.

Maples testified he was suspicious because Defendant was dressed in full camouflage clothing. Maples approached the passenger and observed a rifle through the back window. Maples ordered the passenger from the truck and called for back-up assistance. A subsequent search of the truck revealed another gun, six knives, and two bayonets.

On June 14, 1991, Defendant was charged by information with nine counts of carrying a concealed weapon. The State subsequently dismissed two counts and Defendant was tried by a jury on the remaining seven counts. A jury convicted Defendant of four counts of carrying a concealed weapon, all in connection with knives found in Defendant's truck. The jury assessed Defendant's punishment as a fine to be determined by the court. The court fined Defendant $1,000 for each count.

On appeal, Defendant first contends conviction of multiple offenses for the same act and offense violated his right to be free from double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Defendant argues the possession of the four knives was part of a single course of conduct or merely one offense because all the knives were in the same place at the same time.

■ The Fifth Amendment provides no person "shall be subject for the same offense to be twice put in double jeopardy of life or limb." This constitutional guarantee includes protection against multiple punishments for the same offense. *State ex rel. Westfall v. Campbell,* 637 S.W.2d 94, 96[3] (Mo.App.1982). This protection forbids the state from splitting a single crime into separate parts and then prosecuting the offense in piecemeal. *Id.* at 97[4].

■ The double jeopardy prohibition upon multiple punishments for the same offense is limited to preventing the sentencing court from inflicting greater punishment than the legislature intended. *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678[1], 74 L.Ed.2d 535 (1983). In determining the legislative intent, we must examine the definition of the offense and its allowable unit of prosecution. *Horsey v. State,* 747 S.W.2d 748, 751[2] (Mo.App.1988); *See also, State v. Good,* 851 S.W.2d 1, 4–5[1] (Mo.App.1992). As stated in *Horsey:*

> once Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution' ... that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this congressional choice.

*Horsey,* 747 S.W.2d at 751[2], *quoting, Sanabria v. United States,* 437 U.S. 54, 69–70, 98 S.Ct. 2170, 2181–2182, 57 L.Ed.2d 43, 57 (1978) (citation omitted).

■ The primary issue at hand is whether the possession of the four knives constituted four separate violations of the same statute, § 571.030, RSMo Supp.1992. Section 571.030 provides:

1. A person commits the crime of unlawful use of weapons if he knowingly:

(1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use. . . .

The allowable unit of prosecution for § 571.030 is denoted by the use of the word "a." The word "a" is defined in Black's Law Dictionary as a word "placed before nouns of the *singular* number, denoting an individual object or quality individualized." *Black's Law Dictionary* 1 (6th ed. 1990) (emphasis added). It is also defined as "one." *Webster's Third New International Dictionary* 1 (3d ed. 1976). The plain and ordinary meaning of the word "a" is the singular "one." Therefore, *each* knife which Defendant carried concealed upon or about his person is an allowable unit of prosecution. Point denied.

■ In Point II, Defendant challenges the propriety of Instruction No. 4, patterned after MAI–CR3d 302.04. He contends its definition of "reasonable doubt" using the words "firmly convinced" unconstitutionally lowers the degree of proof required by due process. The Missouri Supreme Court has upheld MAI–CR3d 302.04 as meeting the constitutional guidelines established in *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112

L.Ed.2d 339 (1990). *State v. Griffin,* 848 S.W.2d 464, 468–69[8] (Mo. banc 1993). We are bound by that decision. Point denied.

Defendant also appeals the denial of his Rule 29.15 motion. Defendant filed his Rule 29.15 motion *pro se* on June 9, 1992. Defendant's sole allegation in his Rule 29.15 motion was his conviction and sentence should be set aside "because I am not guilty." He did not complete the indigency affidavit which is located at the end of the Rule 29.15 form. The motion court did not appoint counsel for Defendant and none entered his or her appearance for Defendant. No amended motion nor request for an evidentiary hearing was ever filed.

On June 19, 1992, the State filed a motion to dismiss Defendant's motion. The State's motion to dismiss was heard on January 8, 1993, almost six months later. Neither Defendant nor any counsel for him appeared. The motion court granted the State's motion to dismiss, finding Defendant had merely alleged conclusions and had failed to allege any grounds upon which relief could be granted.

■ In his appeal of the denial of his Rule 29.15 motion, Defendant attempts to file a supplemental legal file containing affidavits from Robert L. Fleming and Stephen J. Harris, attorneys with the Public Defender's Office. The State moved to strike the supplemental legal file contending it was not part of the trial record and could not be considered on appeal. That motion was taken with this case.

Rule 81.12(a) provides the record on appeal consists only of the legal file and transcript. Furthermore, "[t]he legal file shall be certified by the clerk of the trial court to consist of true copies of portions of the trial record, proceedings, and evidence *previously reduced to writing and filed in the trial court.*" Rule 81.14(e) (emphasis added). The rules clearly indicate Defendant may not file with this court affidavits which were not before the motion court. *Johnson v. State,* 796 S.W.2d 662, 663–64[1] (Mo.App.1990). In any event, the affidavits would not change the outcome of this case. Motion sustained.

■ Defendant argues denial of his 29.15 motion without appointing counsel for him violated Rule 29.15(e) and his right to have due process of the law.

Rule 29.15(e) provides the motion court shall appoint counsel for a defendant when an indigent defendant files a *pro se* motion. The record before us does not indicate Defendant was indigent when he filed his Rule 29.15 motion. Defendant failed to file an affidavit of indigency with the motion court. Form No. 40, used by Defendant to file his Rule 29.15 motion, clearly states, "If the motion is taken in forma pauperis, it shall include an affidavit setting forth information that establishes that movant will be unable to pay costs of the proceedings." Without the affidavit of indigency, we cannot hold the motion court erred in failing to appoint counsel for Defendant. We will not require the motion court to guess about the financial conditions of Defendant. Point denied.

■ In alternative, Defendant contends the court erred in denying his 29.15 motion without first conducting an inquiry about whether Defendant's post-conviction counsel had taken sufficient action to determine whether an amended motion was unnecessary under Rule 29.15(e).

Rule 29.15(e) provides, in part:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

To support his contention, Defendant relies upon *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991). In *Luleff,* the Supreme Court charged the motion court with inquiring about the performance of appointed counsel when the record fails to indicate any activity by him or her. *Luleff,* 807 S.W.2d at 498[3]. However, in that case, the defendant had

filed an affidavit of indigency and the motion court had appointed counsel pursuant to Rule 29.15(e). *Id.* at 496. The motion court's inquiry in *Luleff* is limited to determining whether *appointed* counsel has met the requirements of Rule 29.15(e). *Id.* at 498.

Here, Rule 29.15(e) was never implicated. Defendant did not file proof of indigency. As a result, the motion court never appointed counsel for Defendant. Therefore, the reasoning of *Luleff* is inapplicable. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.