**Marion L. DINWIDDIE,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 19951.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 3, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 25, 1995.

M. Elise Branyan, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Marion L. Dinwiddie (movant) pleaded guilty to three counts of involuntary manslaughter. § 565.024.1(2), RSMo 1986. He was sentenced to imprisonment for a term of 7 years for each count. The sentences were ordered served consecutively. Following incarceration, movant filed a post-conviction motion pursuant to Rule 24.035. He appeals the denial of that motion. This court affirms.

Movant's brief fails to comply with Rule 84.04. "The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of 'Points Relied On.'" Rule 84.04(a). "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder...." Rule 84.04(d).

Movant's brief includes no "Point Relied On." It contains a page following its "Statement of Facts" with the heading "Points To Rely Upon." The heading is followed by citations to 11 cases. There is no narrative.

Movant's "Argument" begins on the page of his brief following the list of citations. The first paragraph states:

THE HEARING COURT CLEARLY ERRED TO THE SUBSTANTIAL PREJUDICE OF MOVANT–APPELLANT WHEN IT DENIED MOVANT–APPELLANT'S REPEATED REQUESTS FOR APPOINTMENT OF COUNSEL IN HIS POST–CONVICTION ACTION PURSUANT TO MISSOURI SUPREME COURT RULE 24.035; FAILED TO ORDER A WRIT OF HABEAS CORPUS TO ALLOW MOVANT TO ATTEND THE EVIDENTIARY

HEARING ON THE MATTER; DETERMINED THAT MOVANT HAD ABANDONED HIS CLAIMS PURSUANT TO HIS FAILURE TO APPEAR AT THE HEARING AND ENTERED FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT WERE PROVIDED BY THE STATE, THAT FOUND MOVANT'S CLAIMS WERE REFUTED BY THE RECORD AND WERE NOT MERITORIOUS.

■ Movant apparently intends the first paragraph of his argument to recite the point on which he planned to rely for purposes of his appeal. Most appellate briefs follow the commendable practice of restating, immediately preceding the relevant part of the argument, the applicable point on appeal. However, failure to state a "Point Relied On" separate from the argument portion of an appellant's brief violates Rule 84.04. "Errors raised for the first time in the argument portion of the brief and that are not raised in the point relied on need not be considered...." *Vallejo–Davila v. Osco Drug, Inc.,* 872 S.W.2d 511, 515 (Mo.App.1994).

■ Furthermore, had the first paragraph of movant's argument been stated as a point relied on it would have been deficient. It does not state the "wherein and why" required by Rule 84.04(d).[1] "Merely asserting what alleged errors are without stating 'why' they are errors neither satisfies Rule 84.04(d) nor preserves anything for review." *Dors v. Wulff,* 522 S.W.2d 325, 326 (Mo.App. 1975). Likewise, stating that a trial court's ruling was erroneous without stating wherein the record on appeal supports the ruling that is sought violates Rule 84.04(d) and pre-

serves nothing for review. *Bentlage v. Springgate,* 793 S.W.2d 228, 229–30 (Mo.App. 1990). *See also, Neal v. State,* 796 S.W.2d 112, 113 (Mo.App.1990).

Nevertheless, "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). Although not preserved, this court will review the issues about which movant complains for plain error.

Movant's complaints in the argument portion of his brief are directed to the motion court's failure to appoint an attorney to represent him in the Rule 24.035 proceedings— he filed a *pro se* Rule 24.035 motion; the motion court's failure to issue a writ of habeas corpus to assure his presence at the hearing on the motion; the motion court's adoption of findings of fact and conclusions of law proposed by the state; and its holding, with respect to claims of ineffective assistance of trial counsel, that movant's claims were refuted by the record and were not meritorious.[2]

The Form 40 movant used to file his Rule 24.035 motion contains, on its first page, a section with the heading "INSTRUCTIONS—READ CAREFULLY." The instructions that follow include:

·　　·　　·　　·　　·

This motion must be filed in the Circuit Court which imposed sentence.

·　　·　　·　　·　　·

If the motion is taken *in forma pauperis,* it shall include an affidavit setting forth

---

1. "Three things are required with respect to points relied on: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken." *In Interest of J.L.C.,* 844 S.W.2d 123, 126 (Mo.App.1992).

2. The last of these complaints is apparently derived from the motion court's docket entry dated September 16, 1994, the date when the Rule 24.035 motion was set for hearing. (The legal

file reflects that on July 12, 1994, the motion court set the Rule 24.035 proceeding for hearing on September 16, 1994.) The September 16 docket entry recited movant's failure to appear and gave the attorneys for the state time in which to file proposed findings of fact and conclusions of law. The entry concluded, "Court finds Movant has abandoned claims and upon review of Record of Case find [sic] that Movants [sic] claims are refuted by Record and are not meritorious."

information that establishes that movant will be unable to pay costs of the proceedings. When the motion is completed, the original and two copies shall be mailed to the Clerk of the Circuit Court from which he was sentenced.

As explained in *State v. Nichols*, 865 S.W.2d 435, 438 (Mo.App.1993), if a movant fails to file proof of indigency, a motion court is without information from which to conclude counsel should be appointed. Movant filed no affidavit of indigency. The motion court did not commit error, plain or otherwise, by failing to appoint counsel to represent him.

Likewise, as Rule 24.035(h) provides, "At any hearing ordered by the court the movant need not be present." *See State v. Leisure*, 838 S.W.2d 49, 59 (Mo.App.1992), which upheld the same language with respect to Rule 29.15 hearings. The record on appeal does not reveal any request from movant to the motion court for any type of writ of habeas corpus to secure his presence at the Rule 24.035 hearing. No plain error was committed by not issuing a writ of habeas corpus to compel movant's presence at his Rule 24.035 hearing.

The fact that the trial court sought proposed findings of fact and conclusions of law from the attorneys for the state and used them, in whole or in part, is of no consequence to movant's case. No plain error resulted.

This court has gratuitously reviewed the transcript from the guilty plea hearing in movant's underlying criminal case. This court holds that the motion court's finding that the record refuted movant's claims of ineffective assistance of counsel is not clearly erroneous. The order denying movant's Rule 24.035 motion is affirmed.

PREWITT, P.J., and CROW, J., concur.