**Marek J. GOSEK, Respondent,**

v.

**Ewa GOSEK, Appellant.**

**No. WD 50558.**

Missouri Court of Appeals, Western District.

Dec. 5, 1995.

Ewa Gosek, Warrensburg, pro se.

Robert E. Harris, Warrensburg, for respondent.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.

PER CURIAM:

This case began on June 3, 1992, when respondent, Mr. Gosek, filed for a dissolution of marriage and custody of two minor children born of the marriage.  The marriage was dissolved on February 4, 1993, and custody of the children was granted to Mr. Gosek.

On appeal, Mrs. Gosek is acting pro se and takes exception to the trial court's denial of her motion to modify custody filed August 19, 1994, and other related motions, including, to-wit: a "Motion to Dismiss Mr. Harris from the Case", filed October 5, 1994; a "Motion for Cost for the Expert Witness", filed November 23, 1994; a "Motion for Reunion of Mother with the children", filed December 1, 1994; a "Motion to Dismiss Mr. Harris", filed December 1, 1994; and a "Motion for the Gifts to the Children", filed December 1, 1994.

On December 1, 1994, appellant filed notices with the trial court calling up these motions for hearing on December 12, 1994.

On December 12, 1994, the court took up all motions including Mr. Gosek's motion to dismiss. Following a hearing on the motions, the court denied the appellant's motions and sustained Mr. Gosek's motion to dismiss.

The brief of Mrs. Gosek fails to comply with Rule 84.04. On appeal, Mrs. Gosek is acting pro se. However, the court cannot relax its standards for pro se litigants. This rule is not because we lack sympathy; rather, it is required in order that all parties are treated fairly, and in order to preserve judicial impartiality and judicial economy. *Sutton v. Goldenberg*, 862 S.W.2d 515, 517 (Mo. App.1993). Nevertheless, we address the matter ex gratia.

We have not been furnished a transcript of the proceedings below and are guided in our decision by the legal file and supplements together with the brief of the parties and the court docket sheet. The record before us reveals that the trial court held a hearing on the motions and granted the motion to dismiss filed by Mr. Gosek.

In her Point I, Mrs. Gosek claims the court incorrectly granted Mr. Gosek's Motion to Dismiss because "there was no such motion" filed by Mr. Gosek. However, Mr. Gosek did file a motion as revealed by the court's docket sheet and the supplemental legal file.

Mrs. Gosek alleges in Points II through V that she was not given notice that the motions would be called up, that she was not afforded an opportunity to respond and oppose the motion to dismiss, that she was deprived of presenting evidence supporting her motions and that the trial court acted arbitrarily in throwing material she had prepared in the trash can. Nowhere in the record do we discern that the trial court threw anything in the trash can.

The court's docket sheet, furnished in the legal file and part of the bare record filed with this court, refutes appellant's allegation. Both parties noticed up the motions to be heard. Mrs. Gosek had notice of the motion hearing date, having set this date herself.

■ The points relied on fail to briefly and concisely state what action or rulings of the court are to be reviewed and wherein and why they are claimed to be erroneous. Making only abstract statements of law or citing cases without demonstrating how they relate to any act or ruling fails to comply with Rule 84.04(d). The appeal must be dismissed.

■ The fact that Mrs. Gosek is pro se does not require a different result. "Parties who represent themselves must satisfy all relevant rules of procedure and are entitled to no indulgence they would not have received if represented by counsel." *Mease v. McGuire*, 886 S.W.2d 654 (Mo.App.1994).

Appeal dismissed for failure to comply with Rule 84.04.