**Jerry DEWITT Appellant,**

*v.*

**Cranston MITCHELL, et al., Respondents.**

**No. WD 52615.**

Missouri Court of Appeals, Western District.

Submitted Sept. 27, 1996.

Decided Feb. 4, 1997.

---

5. When sentencing defendants in multiple count cases, we suggest courts clearly set forth separate sentences as to each of the counts on which the defendants were convicted, rather than order a collective sentence for all of the charges as was done here. This should help to avoid confusion and the necessity of remand should any one of the convictions be reversed on appeal.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., SMART and EDWIN H. SMITH, JJ.

PER CURIAM.

Jerry Dewitt appeals from the denial of his motion for reconsideration on an order denying a petition for a writ of mandamus. Appeal dismissed.

Mr. Dewitt sought a writ of mandamus in the trial court to compel his release on parole. The Circuit Court denied him relief. He presents two points on appeal. Point I, which appears in the brief after Point II, reads:

> THE TRIAL COURTS DECISION TO DENY APPELLANT'S MOTION FOR RECONSIDERATION OF JUDGMENT AND RELATED ACTIONS CONSTITUTED *PLAIN ERROR*, SINCE THE EVIDENCE SHOWED (1) COUNSEL FOR RESPONDENTS HAD AVOIDED PROPERLY ADDRESSING THOSE LEGAL ISSUES RAISED BY APPELLANT IN HIS ACTION VIOLATING MISSOURI SUPREME COURT RULE 91.09(b); (2) COUNSEL FOR RESPONDENTS WERE ATTEMPTING TO, AND SUCCEEDED AT, COERCING AND MISLEADING THE COURT THROUGH *PLAIN ERROR* BY ATTEMPTING TO MAKE THE COURT "THINK" THAT APPELLANT WAS CLAIMING AN EX POST FACTO ISSUE, WHEN IN FACT, APPELLANT HAD MADE NO SUCH CLAIM; (3) THAT *PLAIN ERROR* WAS FURTHER INSTITUTED WHEN THE TRIAL COURT ITSELF ASSIGNED A DIFFERENT CASE NUMBER TO APPELLANTS ACTION, INSTEAD, OF MAKING IT A PART OF APPELLANTS ORIGINAL ACTION AS WAS INTENDED BY THE APPELLANT.

Point II reads:

> THE TRIAL COURT ERRED IN DENYING APPELLANTS MOTION FOR RECONSIDERATION AND RELATED ACTION, SINCE THE EVIDENCE SHOWED (1) THAT APPELLANTS ACTION DID STATE A VALID CLAIM UPON WHICH RELIEF COULD HAVE AND SHOULD HAVE BEEN GRANTED; (2) THAT RESPONDENTS HAD

Jerry L. Dewitt, pro se.

BEEN DELIBERATELY AND INTENTIONALLY AVOIDING AND SEEKING TO CIRCUMVENT JUSTICE IN THE MATTER; AND (3) THAT APPELLANT DOES HAVE A VESTED LIBERTY INTEREST AS OUTLINED IN HIS ACTION, THAT THE RESPONDENTS HAD ALREADY ACKNOWLEDGED BUT BLATANTLY REFUSED TO ACT UPON IN WHICH TO ENSURE JUSTICE AS OUTLINED BY BOTH STATUTE AND THE CONSTITUTION.

■ Mr. Dewitt's brief fails to comply with Rule 84.04 which sets the standard for the form and content of briefs submitted to this court. The pages in the brief are not in any particular order, with uncertified "exhibits" randomly and haphazardly sprinkled throughout. The "Points Relied On" are neither brief nor concise. They do not state the "wherein and why" required by Rule 84.04(d). The brief is, for the most part, unintelligible.

■ Further, Mr. DeWitt has failed to comply with the requirements concerning the record. "Where the claims raised on appeal are not supported by the record filed in the appellate court, evidentiary deficiencies may not be overcome by exhibits or appendices unilaterally attached to one party's brief." *State v. Wolford,* 754 S.W.2d 875, 880 (Mo. App.1988). Mr. Dewitt bears the responsibility for preparing and filing a complete record. *State v. Davis,* 830 S.W.2d 469, 473 (Mo.App.1992). Where there is no clear record provided, a reviewing court has nothing upon which it can base its decision and, hence, nothing to decide. *Id.*

■ Mr. Dewitt's failure to substantially comply with Rule 84.04 preserves nothing for review. *Dinwiddie v. State,* 905 S.W.2d 879, 881 (Mo.App.1995).

■ Mr. Dewitt is acting *pro se.* Standards cannot be relaxed for *pro se* litigants. *Gosek v. Gosek,* 910 S.W.2d 849, 850 (Mo. App.1995). "This rule is not because we lack sympathy; rather, it is required in order that all parties are treated fairly, and in order to preserve judicial impartiality and judicial economy." *Id.*

Appeal dismissed.