## Jade A. BERGDOLL, Appellant,

v.

## STATE of Missouri, Respondent.

### No. 22956.

Missouri Court of Appeals, Southern District, Division Two.

March 10, 2000.

Motion for Rehearing or Transfer Denied March 30, 2000.

Application for Transfer Denied April 25, 2000.

---

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Jade A. Bergdoll (Movant) appeals from the denial of his Rule 24.035 [1] motion after an evidentiary hearing held in the absence of Movant or any lawyer representing him. We reverse and remand.

On May 27, 1997, Movant entered pleas of guilty to the class C felonies of attempting to commit the offense of manufacturing methcathinone and possession of methamphetamine, a controlled substance. The trial court sentenced Movant to consecutive terms of seven years' imprisonment on each charge but suspended execution of sentence and placed him on probation. Subsequently, Movant violated the terms of his probation. The trial court revoked his probation and ordered that the suspended sentences be executed.

Movant timely filed his *pro se* Rule 24.035 motion on October 26, 1998. Movant used Criminal Procedure Form No. 40 to file his motion. Although Movant signed the Forma Pauperis Affidavit found in that form, he did not set forth any facts showing he was indigent. However, Movant answered "yes" to question 18 which asked, "If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information?" Movant's affidavit signature was properly notarized.

---

**1.** Rule references are to Missouri Court Rules (2000), unless otherwise indicated.

The motion court set Movant's motion for hearing on March 15, 1999, and notice of the hearing was sent to "inmate Bergdoll." On the aforesaid date, the court dismissed Movant's motion after noting that "Movant fails to appear to support his claims with evidence...." [2]

On April 12, 1999, Movant's newly-acquired public defender filed a motion asking the court to rescind the order of dismissal. The motion alleged that Movant was indigent, and that the court should have appointed counsel for him. After denying this motion, the court ordered that Movant could "proceed as a poor person to prosecute his appeal."

■ Movant's first point relied on is dispositive. He alleges the court erred in dismissing his motion without appointing counsel because (1) his motion included a signed and notarized *forma pauperis* affidavit, (2) his motion asserted he was seeking leave to proceed in *forma pauperis*, and (3) at the time of his guilty pleas, the trial court informed him that under Rule 24.035 he could file a motion with no cost deposit and that "[i]f a [Rule 24.035] motion is filed *pro se,* counsel will be appointed to represent you."

■ Appellate review of the denial of a Rule 24.035 motion for postconviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App.1998). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

At the time Movant entered his guilty pleas, the trial court required him and his lawyer to sign and file a form entitled

"Acknowledgment of Rights under Rule 24.035." In pertinent part, this form stated:

The Missouri Rules of Criminal Procedure require the Court to notify you, the Defendant, of the following:

. . . .

Any motion to vacate, set aside, or correct the judgment or sentence:

. . . .

3) There will be no cost deposit required for you to file this motion....

4) If a motion is filed pro se, counsel will be appointed to represent you.

In accepting Movant's guilty pleas, the trial court acknowledged that Movant had appropriately filed this required form.

■ Clearly, the trial court advised Movant that counsel would be appointed for him if he filed a *pro se* motion. However, Rule 24.035(e) only requires appointment of counsel when "an indigent movant files a pro se motion." Numerous cases such as *State v. Nichols*, 865 S.W.2d 435, 438 (Mo.App.1993) [3] hold that the motion court is not required to appoint counsel unless movant files an affidavit of indigency. Understandably, the motion court should not be required to guess about a movant's financial condition. *Id.*

In our view *Nichols* does not control the issue in the instant case. In *Nichols*, the movant made no effort to file an affidavit of indigency nor was the movant advised by the court that counsel would be appointed upon the filing of a postconviction relief motion.

Here, Movant's motion indicated he was seeking leave to proceed in *forma pauperis,* and Movant's signature appeared under a blank *forma pauperis* affidavit. Admittedly, Movant's affidavit failed to allege facts showing indigency. However, the trial court dismissed the motion with knowledge that Movant was seeking to

---

**2.** Judge Franklin presided over both Movant's criminal cases and the instant proceeding.

**3.** *Nichols* involved Rule 29.15(e) rather than Rule 24.035(e). However, both rules are identical regarding appointment of counsel upon a showing of indigency.

proceed in *forma pauperis* and that he had earlier been assured that counsel would be appointed if he filed the *pro se* motion.

Movant has a right to rely on representations made by the trial court. He filed a *pro se* motion expecting that counsel would be appointed for him. The trial court failed to do so and dismissed the motion, thereby denying Movant the opportunity to present evidence.

In *Allmon v. State*, 973 S.W.2d 163 (Mo. App.1998), movant filed an affidavit of indigency in his Rule 24.035 proceeding, but counsel was not appointed to represent him. In reversing the dismissal of movant's motion, the court said, "Rule 24.035 requires that the motion court appoint counsel for an indigent *pro se* movant. Therefore, the motion court erred in dismissing Movant's motion without appointing new counsel for him and requiring that counsel satisfy the duties imposed on him or her by Rule 24.035." *Id.* at 165 (citation omitted).

Movant made an effort in his motion to show his indigent status. That effort, coupled with the trial court's unconditional promise that counsel would be appointed, sufficiently shows the trial court's lack of compliance with Rule 24.035(e). We hold that the motion court erred in dismissing Movant's motion without appointing counsel and requiring such counsel to perform as mandated by Rule 24.035. Our holding is confined to the unique facts of this case and should not be read as a digression from the requirement of showing indigency before obtaining appointed counsel.

We reverse and remand for further proceedings consistent with this opinion. Upon remand, the motion court shall appoint counsel and provide Movant the opportunity to amend his motion as allowed by Rule 24.035(e) and (g).

GARRISON, C.J., and BARNEY, J., concur.