**John McELHENY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 23482.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 2000.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea L. Mazza, Asst. Atty. Gen., Jefferson City, for respondent.

Before CROW, J., GARRISON, J., and BARNEY, C.J.

PER CURIAM.

John McElheny ("Movant") was charged with the class A felony of murder in the first degree. Following a jury trial, he was found guilty of murder in the second degree and sentenced to a term of life imprisonment. His conviction was affirmed on appeal in August 1998. Movant, thereafter, pursuant to Rule 29.15 [1] filed a motion for post-conviction relief. The motion court denied relief, and Movant appeals. We reverse and remand.

Movant was informed by the trial court at his sentencing hearing that "an attorney would be appointed" pursuant to Rule

---

**1.** All rule references are to Missouri Rules of Criminal Procedure (2000) unless otherwise    indicated.

29.15 if he "file[d][his] own motion and [was] indigent." On November 4, 1998, Movant filed a timely *pro se* motion for post-conviction relief. Along with that motion, Movant filed an *in forma pauperis* affidavit, which stated that he was "indigent within the meaning of the law and [was] unable to pay for any further proceedings." The motion court found that Movant's motion failed to support a claim of indigency, and on February 9, 1999, set the case for hearing on June 21, 1999. Notice of the hearing date was sent to Movant at Crossroads Correctional Center. In response, Movant sent a letter to the circuit clerk on February 22, 1999, noting that he had received no information concerning appointment of counsel and requesting a copy of the docket sheet. On June 21, 1999, the case was called, and as a result of Movant's failure to appear, the motion court found in favor of the State.[2] Movant sent a letter to the circuit clerk that same day indicating that he had not been brought from the correctional center to the court to present his case.

Movant personally contacted the State Public Defender's Office, and on July 14, 1999, District Defender Stephen Harris entered his appearance on behalf of Movant. On September 2, 1999, Movant filed a motion to vacate, reopen, correct, amend, or modify the court's judgment pursuant to Rule 75.01.[3] The motion court sustained that motion on December 13, 1999, and "reinstated" Movant's post-conviction case.

On January 6, 2000, the motion court reviewed Movant's file and determined that Movant had obtained a preliminary mandamus order from this Court, which the motion court apparently interpreted as requiring the entry of findings of fact and conclusions of law.[4] The motion court set aside its order of December 13, 1999 and entered its findings of fact and conclusions of law denying Movant's Rule 29.15 motion.

In his sole point on appeal, Movant alleges that the motion court clearly erred in denying his Rule 29.15 motion without appointing him counsel in that Movant was indigent and was incarcerated throughout the post-conviction proceedings; Movant filed a Form 40 which included a signed and acknowledged affidavit seeking leave to proceed *in forma pauperis;* and Movant was told by the court that counsel would be appointed for him and that counsel would have time to file an amended motion.

■ In reviewing the denial of a Rule 29.15 motion, an appellate court is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Vinson,* 800 S.W.2d 444, 448 (Mo. banc 1990); *George v. State,* 973 S.W.2d 114, 115 (Mo.App. S.D.1998).

■ As explained in *State v. Nichols,* 865 S.W.2d 435, 438 (Mo.App. E.D.1993), a movant seeking to proceed *in forma pauperis* must attach an affidavit to his Rule 29.15 motion that establishes that movant will be unable to pay the costs of any

2. That finding is memorialized in an entry in the trial court's docket sheet. The entry shows that the prosecutor was to "prepare suggested Findings and Conclusions and Judgment for signature and filing." No such document appears in the record on appeal until January 6, 2000, when the trial court entered a judgment discussed *infra.*

3. It appears to this court that no such motion was necessary as no judgment had yet been entered. *See supra* note 2.

4. The preliminary order in mandamus required that the judge of the motion court file an answer. It did not order the judge to enter findings of fact, conclusions of law, or a judgment.

further proceedings. A motion court is not required to appoint counsel unless a movant files such an affidavit of indigency. *Id. See also Dinwiddie v. State*, 905 S.W.2d 879, 881–82 (Mo.App. S.D.1995).

 In the instant case, the trial court informed Movant that "an attorney would be appointed" if he "file[d][his] own motion and [was] indigent."[5] Movant did, thereafter, file his *pro se* motion which included a signed and notarized affidavit of indigency seeking leave to proceed *in forma pauperis*, albeit without further facts supporting such claim of indigency.

In a case similar to this one, *Bergdoll v. State*, 14 S.W.3d 258, 260 (Mo.App. S.D. 2000), the movant alleged that the motion court erred in dismissing his *pro se* motion without appointing counsel in that his motion included a signed and notarized *in forma pauperis* affidavit, and he had been assured by the trial court that counsel would be appointed if he filed a *pro se* motion.[6] In reversing the dismissal of movant's motion, this Court noted that movant had made an effort to show his indigent status, although his affidavit lacked facts in support of his claim of indigency, and that he had a right to rely on the representations made by the trial court that counsel would be appointed if he filed a *pro se* motion. *Id.* at 261.

Here, Movant, relying on the trial court's representations, filed a *pro se* motion with the expectation that counsel would be appointed. Movant made an effort to show his indigent status by stating in his affidavit that he was "indigent within the meaning of the law and [was] unable to pay for any further proceedings." That statement was consistent with what the trial court had indicated at sentencing would be required for the appointment of counsel. Under the circumstances of this case, counsel should have been appointed in accordance with Rule 29.15(e), and the motion court clearly erred in not doing so.

We reverse and remand for further proceedings consistent with this opinion. Upon remand, the motion court shall appoint counsel unless, at that point, Movant is represented by counsel,[7] and provide Movant the opportunity to amend his motion as allowed in Rule 29.15.

---

5. Judge Franklin presided over both Movant's criminal case and the instant proceeding.

6. *Bergdoll* involved Rule 24.035(e) rather than Rule 29.15(e). However, both rules are identical regarding appointment of counsel upon a showing of indigency.

7. Movant was represented by appointed counsel in this appeal.