Terrance L. WILSON, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 32788.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 9, 2013.

Samuel Buffaloe, of Columbia, MO, for appellant.

Chris Koster, Attorney General and Andrew C. Hooper, Assistant Attorney General, of Jefferson City, MO, for respondent.

WILLIAM W. FRANCIS, JR., Judge.

Terrance L. Wilson ("Wilson") appeals the motion court's denial of his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We reverse and remand.

**Factual and Procedural Background**

Wilson was charged by information with one count of the class C felony of attempt to deliver a controlled substance into a Missouri Department of Corrections facility in violation of section 217.360. On August 7, 2012, Wilson signed an "Acknowledgment of Rights and Petition to Enter Plea of Guilty." On August 9, 2012, Wilson was sentenced to four years in the Department of Corrections under section 559.115, with placement in an institutional treatment center.

On December 6, 2012, Wilson filed a pro se "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" ("pro se motion") pursuant to Rule 24.035. Wilson alleged that he received ineffective assistance of counsel and asked the motion court to allow him to withdraw his guilty plea. Wilson also signed a notarized "Forma Pauperis Affidavit," which was included with his pro se motion.

On February 19, 2013, the motion court entered a judgment on the docket sheet allowing Wilson's pro se motion to be filed *in forma pauperis* and at the same time, denying the motion without first appointing counsel for Wilson.

This appeal followed. On appeal, Wilson filed an affidavit of indigency with the Missouri State Public Defender and was approved for representation. This Court permitted Wilson to file a notice of appeal

1. All rule references are to Missouri Court Rules (2013). All references to statutes are to RSMo 2000, unless otherwise indicated.

*in forma pauperis* and Wilson is represented by a public defender in this matter.

Wilson claims the motion court erred in overruling his Rule 24.035 motion without first appointing counsel. The State concedes the point and admits this Court should reverse the judgment of the motion court. We agree.

## Standard of Review

This Court reviews a motion court's findings and conclusions on a Rule 24.035 motion to determine whether they are clearly erroneous. *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo.App. S.D.2009); Rule 24.035(k). We will find the motion court clearly erred only if after reviewing the complete record, we are left with a "definite and firm impression that a mistake has been made." *Id.* (internal quotation and citation omitted).

## Analysis

Rule 24.035(e) provides "[w]hen an indigent movant files a pro se [Rule 24.035] motion, the court shall cause counsel to be appointed for the movant." "The use of the term 'shall' makes clear that, under Rule 24.035, appointment of counsel is mandatory, not discretionary." *Sanford v. State*, 345 S.W.3d 881, 882 (Mo.App. W.D. 2011). Wilson's motion includes a signed and notarized "Forma Pauperis Affidavit" in which he states he is indigent, and it is undisputed that Wilson was found to be indigent by the motion court.[2] It is further undisputed that Wilson's pro se motion was timely filed under Rule 24.035(b), and the motion court failed to appoint counsel for Wilson.[3] Even the State con-

tends the motion court erred in not appointing counsel for Wilson and that "this Court should reverse the judgment of the motion court and instruct the court to appoint counsel on remand."

We find the motion court clearly erred in ruling on Wilson's Rule 24.035 pro se motion without first appointing counsel for Wilson; his point is granted. Accordingly, we reverse the motion court's judgment and direct the motion court to appoint counsel for Wilson on remand and proceed further after that appointment.

NANCY STEFFEN RAHMEYER, P.J. and DANIEL E. SCOTT, J., Concur.

---

**2.** The motion court's finding was evidenced by the judgment specifically allowing Wilson's pro se motion to be filed *in forma pauperis*. On appeal, the State concedes that Wilson demonstrated that he is indigent.

