DANIEL E. SCOTT, J.
Gene Haynes timely moved pro se for postconviction relief which the motion court immediately and fully granted by return mail. The court then dismissed the case without appointing counsel, which the State concedes was error. We agree, reverse the dismissal, and remand for appointment of counsel and further proceedings.
*886 Background
Haynes pleaded guilty to four crimes in four separate cases. His victim-tampering sentence (four years) was ordered to run concurrently with all others. The judgment said so three times:
"To run concurrent with any other time may serving [sic] in DOC," and
"TO RUN CONCURRENT WITH ANY OTHER TIME SERVING IN DOC," and
"Sentence to run concurrent with any other sentence maybe [sic] serving in DOC."
Six months later, the court received Haynes' forma pauperis affidavit and pro se Rule 24.035 motion alleging that DOC was not treating his sentence concurrently and asking the court to amend its judgment so DOC would do so. That very day, the court entered a "Corrected Judgment" to make concurrency even clearer (if that was possible) and sent certified copies to Haynes, defense counsel in the underlying cases, and DOC. The court then dismissed the pro se motion by docket entry without appointing PCR counsel.[1] Months later, the Public Defender sought and obtained our special order to allow an appeal out of time.
Discussion
Haynes, the Public Defender, the State, and this court all agree and understand that the motion court sought to do the right thing in expeditiously and fully granting the pro se motion, arguably in record time.
Yet a timely pro se motion is but "a threshold" to postconviction relief. Vogl v. State , 437 S.W.3d 218, 226 (Mo. banc 2014). "When a pro se motion is filed by an indigent movant,[2 ] the court shall cause counsel to be appointed to represent the movant." Id . (citing Rule 24.035(e); our emphasis). Appointed counsel then must determine "whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence" (Rule 24.035(e) ), which is critical because successive motions are prohibited. Rule 24.035(l). "Thereafter, appointed counsel must file either an amended motion to compensate for any deficiencies in the pro se motion or, in the alternative, a statement explaining the actions counsel took to ensure that no amended motion is needed." Vogl , 437 S.W.3d at 226 (citing Rule 24.035(e); our emphasis).
Thus, appointment of counsel for an indigent pro se movant "is mandatory." Ramsey v. State , 438 S.W.3d 521, 522 (Mo. App. 2014) ; Sanford v. State , 345 S.W.3d 881, 882 (Mo. App. 2011). Because that did not happen here, neither we nor the motion court know whether Haynes' pro se motion included all known claims for relief. See Luleff v. State , 807 S.W.2d 495, 498 (Mo. banc 1991). We reverse the case dismissal and remand for appointment of counsel and further proceedings consistent with Rule 24.035. Wilson v. State , 415 S.W.3d 727, 727-28 (Mo. App. 2013).
JEFFREY W. BATES, J.-CONCURS
MARY W. SHEFFIELD, J.-CONCURS

Dismissed "without prejudice," but Rule 24.035's filing deadline and provisions for finality and against successive motions (subsections (b), (k), and (l) ) effectively rendered the dismissal final and appealable.

Haynes' indigency is not contested on appeal.