In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

TIMOTHY WOLF, ) No. ED109326
 )
 Appellant, ) Appeal from the Circuit Court
 ) of St. Charles County
v. ) Cause No. 2011-CC01061
 )
STATE OF MISSOURI, ) Honorable Daniel G. Pelikan
 )
 Respondent. ) Filed: November 9, 2021

 Introduction

 Timothy M. Wolf appeals from the circuit court’s judgment overruling his motion

for post-conviction relief under Rule 24.035. 1 Because Wolf failed to file an affidavit

asserting his indigency with his pro se motion, the circuit court did not err in overruling

Wolf’s motion without appointing counsel. The judgment is affirmed.

 Factual and Procedural Background

 On April 3, 2018, Wolf pleaded guilty to felony stealing and entered an Alford plea

to involuntary manslaughter and possession of a controlled substance. That same day, the

circuit court sentenced Wolf to serve thirteen years in the Missouri Department of

1
 All rule citations are to Supreme Court Rules (2018), which was the version in effect at the time of movant’s
sentencing and motion.
Corrections. Wolf filed a pro se “Motion to Vacate” on October, 23, 2020, more than two

years after the deadline provided by Rule 24.035.

 Wolf’s motion alleged that his convictions, and resulting sentences, were illegal

because he was transferred from the custody of the United States Marshals Service to the

custody of St. Charles County. Wolf argued that the transfer constituted an illegal seizure

in violation of the Fourth Amendment, denied him due process in violation of the Fifth

Amendment, and violated various rights protected by the Sixth and Eleventh amendments

to the U.S. Constitution. Wolf’s motion did not cite or reference Rule 24.035, which sets

forth the exclusive procedure by which a person convicted on a plea of guilty may seek

post-conviction relief from a sentence or conviction.

 Wolf did not submit his motion using Criminal Procedure Form 40, with which all

motions filed under Rule 24.035 must substantially comply. Wolf’s motion omitted

significant information required by Form 40, including the offenses for which he was

sentenced, the date that he was delivered to the custody of the Department of Corrections,

whether he pleaded guilty or was convicted of his offenses, and whether he was represented

by an attorney in his underlying criminal proceedings.

 Wolf’s Motion to Vacate also failed to set forth information regarding his ability to

pay the costs of proceeding on the motion. Wolf did not file a motion to proceed in forma

pauperis, submit an indigency affidavit, or assert in his motion that he was indigent. The

circuit court overruled Wolf’s motion on November 10, 2020, without appointing counsel.

 Ten days later, Wolf filed a notice of appeal and a motion to proceed in forma

pauperis in the circuit court. On November 25, 2020, counsel from the Missouri Public

Defender’s Office entered an appearance in the matter and filed a motion to reconsider and

 2
vacate the circuit court’s order overruling Wolf’s motion. On February 15, 2021, Wolf filed

a motion to pursue an appeal in forma pauperis, which the circuit court granted on February

17, 2021.

 The circuit court did not rule on the motion to reconsider or vacate the judgment,

which was overruled by operation of Rule 78.06. This appeal followed.

 Standard of Review

 We review the denial of post-conviction relief to determine “whether the motion

court's findings of fact and conclusions of law are clearly erroneous.” Anderson v. State,

564 S.W.3d 592, 600 (Mo. banc 2018). This Court begins with the presumption that the

findings and conclusions of the circuit court are correct. Wilson v. State, 813 S.W.2d 833,

835 (Mo. banc 1991). “The motion court's findings and conclusions are clearly erroneous

only if, after review of the record, the appellate court is left with the definite and firm

impression that a mistake has been made.” Cooper v. State, 356 S.W.3d 148, 152 (Mo.

banc 2011).

 Analysis

 In Wolf’s sole point on appeal, he asserts that the circuit court erred in overruling

his Rule 24.035 motion without first appointing counsel. In response, the State argues that

the circuit court correctly dismissed Wolf’s Motion to Vacate prior to appointing counsel

because Wolf’s motion did not substantially comply with Criminal Procedure Form 40 as

required by Rule 24.035(b). 2 Because we determine that the circuit court did not err in

2
 The State’s argument regarding substantial compliance implicates a similar concern regarding the
appointment of counsel. In support of its argument on this issue, the State relies primarily on White v. State,
91 S.W.3d 154 (Mo. App. W.D. 2002). In White, the Western District of this Court determined that a circuit
court erred in ruling on the movant’s Rule 24.035 motion because the initial motion did not substantially
comply with Form 40. The circuit court in White had appointed counsel for the movant. This raises the
question of whether a circuit court must appoint counsel before determining whether a Rule 24.035 motion
is in substantial compliance with the Supreme Court Rules. This is not an issue that has been raised or

 3
ruling on the motion without appointing counsel, we need not address the State’s argument

that Wolf’s motion did not substantially comply with Form 40. 3

 To initiate proceedings under Rule 24.035, a person convicted of a felony on a plea

of guilty must “file a motion to vacate, set aside, or correct the judgment substantially in

the form of Criminal Procedure Form 40.” Rule 24.035(b). “Form 40 serves as a procedural

guide to filing motions for postconviction relief.” White v. State, 91 S.W.3d 154, 156 (Mo.

App. W.D. 2002). The use of Form 40, or submitting a motion that substantially complies

with its requirements, provides the State and the circuit court with an orderly and precise

statement of the movant’s grounds for relief and support therefore. State v. Owsley, 959

S.W.2d 789, 797 (Mo. banc 1997).

 Rule 24.035(e) provides, “Within 30 days after an indigent movant files a pro se

motion, the court shall cause counsel to be appointed for the movant.” If a movant is

indigent, appointment of counsel is required, even if the movant’s pro se motion is facially

untimely, to allow appointed counsel to determine whether an exception to the filing

deadline applies. Bonds v. State, 608 S.W.3d 788, 789 (Mo. App. E.D. 2020) (citing Vogl

v. State, 437 S.W.3d 218, 226 n.12 (Mo. banc 2014)).

 The right to counsel created by Rule 24.035(e) is conditioned on the movant’s

indigency. Williams v. State, 434 S.W.3d 638, 642 (Mo. App. W.D. 2016). To receive

appointed counsel, the movant must provide the circuit court with evidence of indigency

adequately briefed by the parties in this appeal. As a result, it is not an issue that has been properly presented
to this Court for decision.
3
 In the State’s brief it stated that, if this Court determines that Wolf’s Motion to Vacate complied with Form
40, then the circuit court clearly erred in dismissing the motion without first appointing counsel to assess
whether any circumstance exists to permit Wolf’s untimely motion. “Nevertheless, parties cannot stipulate
to legal issues, and this Court is not bound by the Attorney General's confession of error.” State v. Hardin,
429 S.W.3d 417, 421 n.14 (Mo. banc 2014). Moreover, we may affirm the judgment on any legal ground
supported by the record if the circuit court arrived at the correct result. Swallow v. State, 398 S.W.3d 1, 3
(Mo. banc 2013).

 4
at the time the movant files an initial Rule 24.035 motion. State v. Nichols, 865 S.W.2d

435, 438 (Mo. App. E.D. 1993). 4 This is accomplished by the filing of an affidavit with the

motion setting forth information establishing the movant’s indigency. Id. Form 40 contains

the required affidavit and states, “If the motion is taken in forma pauperis, it shall include

an affidavit setting forth information that establishes the movant will be unable to pay costs

of the proceedings.”

 Though indigency should be liberally assessed, a movant must still comply with

the indigency affidavit requirements of Rule 24.035 and Form 40. In Bennett v. State, 88

S.W.3d 448 (Mo. banc 2002), the Supreme Court of Missouri held that a circuit court erred

in overruling a Rule 24.035 motion in which the movant had signed an indigency affidavit

but failed to state any facts proving his indigency. The Court held that the signed affidavit

was sufficient to alert the circuit court to the possibility of the movant’s indigency, at which

point the court could take judicial notice that the movant had proceeded in forma pauperis

in the original criminal proceeding. Id. at 449-50. The Court’s holding expressly depended

on the movant’s filing of an indigency affidavit. Specifically, the Court held, “if the movant

was permitted to proceed in forma pauperis at the time the plea or trial was conducted, the

filing of a notarized, in forma pauperis affidavit form with the post-conviction motion is

sufficient to appoint counsel.” Id. at 450.

 When a movant fails to file an indigency affidavit, the circuit court is unable to

make a finding that the movant is indigent and is not required to guess about the financial

condition of the movant. McElheny v. State, 29 S.W.3d 861, 862-63 (Mo. App. S.D. 2000)

(citing Dinwiddie v. State, 905 S.W.2d 879, 882 (Mo. App. S.D. 1995)). In such a situation,

4
 Nichols, and several other cases cited in this opinion, involve Rule 29.15 rather than Rule 24.035. Both
rules are identical regarding appointing of counsel upon a showing of indigency.

 5
a circuit court will not be charged with error for ruling on the motion without appointing

counsel. See, e.g. Chalk v. State, 990 S.W.2d 87, 88 (Mo. App. E.D. 1999) (“Where a

movant files no affidavit of indigency with his Rule 29.15 motion, the motion court does

not commit error by failing to appoint counsel to represent him.”); Dinwiddie, 905 S.W.2d

at 882 (“Movant filed no affidavit of indigency. The motion court did not commit error,

plain or otherwise, by failing to appoint counsel to represent him.”).

 Here, Wolf failed to file an affidavit of indigency along with his Motion to Vacate.

As a result, the circuit court had no evidence that Wolf was indigent and had no basis to

appoint counsel at the time the court ruled on Wolf’s motion. Though Wolf eventually filed

an indigency affidavit, he did so only after the circuit court overruled his initial Rule 24.035

motion. Looking at the evidence in front of the circuit court at the time it acted on the

motion, the circuit court did not clearly err in overruling Wolf’s motion without appointing

counsel.

 Every case holding that a circuit court must appoint counsel for an indigent

defendant before ruling on a Rule 24.035 motion involves a movant that filed an indigency

affidavit along with their Rule 24.035 motion. See, e.g., Haynes v. State, 553 S.W.3d 885,

886 (Mo. App. S.D. 2018) (“[T]he court received Haynes' forma pauperis affidavit and pro

se Rule 24.035 motion . . . .”); Ramsey v. State, 438 S.W.3d 521, 522 (Mo. App. E.D. 2014)

(“[T]he parties do not dispute that Movant's pro se Rule 24.035 motion and indigency

affidavit were timely filed . . . .”); Wilson v. State, 415 S.W.3d 727, 728 (Mo. App. S.D.

2013) (“Wilson's motion includes a signed and notarized “Forma Pauperis Affidavit” in

which he states he is indigent. . . .”) This Court agrees that, faced with both the Rule 24.035

 6
motion and a signed indigency affidavit, the circuit court in each of these cases was

required to appoint counsel.

 Here, Wolf did not file an indigency affidavit or otherwise notify the circuit court

of his indigency until after the court had ruled on his motion to vacate. Though Rule

24.035(e) requires appointment of counsel for indigent defendants, Wolf was required to

provide an indigency affidavit. Wolf did not provide such notice to the circuit court prior

to the court’s ruling, and we will not convict the circuit court of error for overruling the

motion. The circuit court did not err in overruling Wolf’s untimely filed Motion to Vacate.

 Conclusion

 For the foregoing reasons, the circuit court’s judgment is affirmed.

 John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.

 7